UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCUS D. MAYS,

    Plaintiff,

v.

    Case No. 2:19-cv-217

    Hon. Hala Y. Jarbou

UNKNOWN SKYTTA, et al.,

    Defendants.
_____/

## ORDER

On May 27, 2022, the magistrate judge issued a Report and Recommendation (R&R, ECF No. 62) recommending that the Court grant in part and deny in part Defendants' motion for summary judgment (ECF No. 53). Before the Court is Plaintiff's objection to the R&R (ECF No. 67).

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

There are nineteen claims against ten defendants remaining in this suit. These include claims of Eighth Amendment excessive force and deliberate indifference to serious medical needs. There are also First Amendment retaliation claims. The magistrate judge determined in the R&R that genuine issues of material fact exist as to the excessive force and retaliation claims, but not as to the claims of deliberate indifference to serious medical needs. (R&R 2.)

Plaintiff essentially makes two objections. First, he objects to the magistrate judge's reliance on the medical records. He argues that the medical records are fraudulent and were

"created in retaliation for Plaintiff's past grievances and civil litigation" against these same defendants. (Pl.'s Obj. 8, ECF No. 67.) He points to his verified complaint, affidavit and medical kite requests to show that there is a genuine issue of fact as to whether he had a sufficiently serious medical need that Defendants refused to treat.

As the R&R states, under the Eighth Amendment, prison authorities are obligated to provide medical care to incarcerated individuals. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). A prison official violates the Eighth Amendment if he or she is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). A claim of deliberate indifference to serious medical needs has both an objective component and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the deprivation alleged must be "'sufficiently serious.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The subjective component requires a showing that the prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834).

On *de novo* review, the Court finds that the magistrate judge did not construe the facts in the light most favorable to Plaintiff. The R&R relied on the medical reports to determine that Plaintiff did not have an objectively serious medical need. (R&R 15-16.) However, this determination does not take into account Plaintiff's verified complaint and affidavit that contend that the medical records are forgeries, that he suffered serious injuries, and that he was denied treatment. (*See* Verified Compl. ¶¶ 22-41, ECF No. 1; Mays Decl., ECF No. 60-1, PageID.597.) Plaintiff's pleadings and affidavit establish a genuine issue of material fact that cannot be resolved on a motion for summary judgment. *See Berryman v. Regiler*, 47 F.3d 1167, at *3 (6th Cir. 1995)

(finding a genuine issue of fact where the plaintiff's affidavit alleged denial of medical care and forged medical records which contradicted the defendants' affidavits).

Plaintiff also objects to the magistrate judge's reliance on Defendant RN Nicole Sundberg's affidavit. He contends that Sundberg's affidavit contradicts the medical reports, which calls into question the veracity of the affidavit. He points to Sundberg's statements that she "did not observe any serious injuries, or any injuries whatsoever, to Mays on May 23 or 25, 2018. Nor did Mays say anything to me about any injuries on May 23 or 25, 2018" and that she "was not at work at AMF on May 23, 2018 and therefore it would have been impossible for [her] to see or talk to Mays that day." (Sundberg Aff. ¶ 4-5, ECF No 54-17.) He then points to the comment in Defendants' Exhibit G filled out by Defendant Sundberg that states,

> You were seen on 5/23/18 by RN for headaches & sore throat. Exam was unremarkable, no injuries noted. On 5/29/18 you were delivered legal papers by the RN and had no complaints at that time, nor were any injuries visible. On 6/20/18 you seen the MP, at which time you left the exam room prior to your evaluation. No visible injuries were observed at that time.

(Ex. G, ECF No. 54-8.) Plaintiff argues that because Sundberg did not examine him on 5/23/18, she could not have personal knowledge about whether his exam was unremarkable or that he had no injuries.

Defendants' Exhibit G is a kite response that Defendant Sundberg filled out on June 26, 2018. The kite response explains that Plaintiff's kite filed on June 21, 2018, repeated "previous concerns from alleged assault that occurred on 5/21/18," and the comment describes the interactions with medical staff from the time of the alleged assault. (Ex. G.) The kite response and Sundberg's affidavit do not contradict each other because Sundberg does not state that she was the RN that saw Mays on 5/23/18. Therefore, the magistrate judge did not err in relying on Sundberg's affidavit, and Plaintiff's objection is overruled.

3

Accordingly,

**IT IS ORDERED** that Plaintiff's objection (ECF No. 67) is **SUSTAINED IN PART** and **OVERRULED IN PART**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 62) **ADOPTED IN PART** and **REJECTED IN PART**. The R&R is adopted insofar as it recommends denying summary judgment as to the excessive force and retaliation claims; and rejected insofar as it recommends granting summary judgment as to the claims of deliberate indifference to serious medical needs.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 53) is **DENIED**.

The nineteen claims against the ten Defendants outlined in the magistrate judge's R&R remain in this suit.

Date: June 27, 2022 /s/ Hala Y. Jarbou
HALA Y. JARBOU
UNITED STATES DISTRICT JUDGE